J-S54033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: H.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.M., MOTHER | : | No. 974 MDA 2020 |

Appeal from the Decree Entered June 24, 2020
In the Court of Common Pleas of Dauphin County Orphans' Court
at No(s):  24 AD 2020

| | | |
|---|---|---|
| IN THE INT. OF: S.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.M., MOTHER | : | No. 975 MDA 2020 |

Appeal from the Decree Entered June 24, 2020
In the Court of Common Pleas of Dauphin County Orphans' Court
at No(s):  25-AD-2020

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 09, 2021**

S.M. ("Mother") appeals from the Decrees granting the Petitions filed by Dauphin County Social Services for Children and Youth (the "Agency") to involuntarily terminate her parental rights to her minor, dependent children, S.T. (a female born in August 2015), and H.T. (a female born in August 2016) (collectively, the "Children"), pursuant to the Adoption Act, 23 Pa.C.S.A.

§ 2511(a)(2), (5), (8) and (b), and to change their permanency goals to adoption under the Juvenile Act, 42 Pa.C.S.A. § 6351.[1, 2]  We affirm.

The trial court ably set forth the factual background and procedural history in its Opinion, which we adopt as though fully set forth herein.  *See* Trial Court Opinion, 8/25/20, at 1-11.  Briefly, the Agency took the Children into its care and custody on July 16, 2018.  *Id.* at 2.  "The main conditions which led to placement were Mother's homelessness, which was connected to her mental health condition, drug use and lack of income."  *Id.* at 16.  The Agency provided Mother with services, and also provided her assistance with housing and mental health programs.  *Id.*

On May 1, 2020, the Agency filed the termination and goal change Petitions.  On June 3, 2020, the trial court held an evidentiary hearing.  The Agency presented the testimony of Agency caseworker Nicole Martin, who was assigned to the family, and Agency paralegal Kathryn Sherman.  N.T., 6/3/20, at 5, 7-8, 55.  Mother testified on her own behalf, and presented the testimony of Randi Matson ("Matson"), a program specialist with Samara:  Nurture and

_____

[1] The trial court appointed Heather L. Paterno, Esquire, as the Children's guardian *ad litem* ("GAL"), and Sarah E. Hoffman, Esquire ("Attorney Hoffman"), as the Children's legal interests counsel, both of whom were present at the termination hearing.

[2] The trial court also terminated the parental rights of J.T., Jr., ("Father") and any unknown father to the Children.  Neither Father nor any unknown father has filed an appeal or a brief in this matter.  *See* Trial Court Opinion, 8/25/20, at 1.

Education for Parents ("Samara"). *Id.* at 60, 88. Attorney Hoffman presented the testimony of Agency caseworker Valerie Broody ("Broody"), who permanently assumed the case in April 2020. *Id.* at 100. The GAL cross-examined Broody. *Id.* at 103.

On June 24, 2020, the trial court entered Decrees terminating Mother's parental rights and changing Children's permanency goals to adoption. On July 23, 2020, Mother timely filed Notices of Appeal, along with Concise Statements, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On August 13, 2020, this Court, *sua sponte*, consolidated the appeals.

Mother raises the following issues for review:

I. Whether the [t]rial [c]ourt erred and/or abused its discretion by terminating the parental rights of Mother, pursuant to 23 Pa.C.S.A. [§] 2511(a)(2), where Mother presented evidence that she was able to provide essential parental care, control, and subsistence necessary for the child's physical and mental well-being because any conditions that lead [*sic*] to placement were remedied by Mother?

II. Whether the [t]rial [c]ourt erred and/or abused its discretion by terminating the parental rights of Mother, pursuant to 23 Pa.C.S.A. [§] 2511(a)(5), where Mother presented evidence that the conditions which led to the placement of the [Children] no longer exist?

III. Whether the [t]rial [c]ourt erred and/or abused its discretion by terminating the parental rights of Mother, pursuant to 23 Pa.C.S.A. [§] 2511(a)(8)[,] where Mother presented evidence that the conditions which led to the placement of the [Children] no longer exist?

Mother's Brief at 7.[3]

We will address Mother's claims together, as she does so in the Argument section of her brief. Mother argues that, contrary to the trial court's findings, she completed the service goals and objectives created for her by the Agency. *See id.* at 14-18. According to Mother, she satisfied the first goal (*i.e.*, cooperate and comply with the Agency) by attending all court hearings, signing all releases, and maintaining regular contact with the Agency. *Id.* at 14. Regarding the second goal (*i.e.*, demonstrate mental health stability), Mother claims that she obtained two mental health evaluations, and followed through with treatment. *Id.* at 14-15.

As to the third goal (*i.e.*, demonstrate understanding of Children's developmental and emotional needs), Mother argues that she has attended every appointment or visitation opportunity. *Id.* at 15-16. Mother points to Matson's testimony that Mother has a strong bond with Children; Mother engages with Children; and Matson did not observe any safety concerns during

---

[3] In her Concise Statement, Mother also claimed that the trial court erred and/or abused its discretion by finding that the evidence was sufficient to terminate her parental rights pursuant to 23 Pa.C.S.A. § 2511(b). However, a challenge under section 2511(b) does not appear in her Statement of Questions Involved, nor has she discussed the requirements of section 2511(b) in her brief. Thus, Mother has abandoned any challenge to the trial court's determination that termination is in Children's best interests. *See* Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Nevertheless, as we discuss *infra*, we would conclude that the Agency satisfied its burden with regard to section 2511(b).

their visits. *Id.* at 16. Further, Mother asserts that she was unable to complete all of her parenting classes because the class times conflicted with her work schedule. *Id.* at 17; *see also id.* (claiming that she "was forced into a situation where she had to choose between complying with [A]gency goal number four (4) regarding maintaining employment and a stable source of income/housing versus attending parenting classes and complying with [A]gency goal number three (3).").

Mother contends that she fully complied with the fourth goal (*i.e.*, demonstrate an ongoing ability to meet Children's basic needs). *Id.* at 17. Mother argues that she has appropriate housing in Harrisburg, Pennsylvania. *Id.* Mother acknowledges that she was unable to work her regular shift for a while due to COVID-19 restrictions, but states that she is once again working full time. *Id.* at 17-18.

Finally, Mother asserts that she resolved the fifth goal (*i.e.*, remain abstinent from illegal drugs):

> On May 21, 2020, Mother obtained her medical marijuana card[,] which was approved due to her diagnosis of bipolar disorder, post-traumatic stress disorder, and anxiety disorder. Mother has never used nor tested positive for any other drug except marijuana[,] and was only using marijuana to help her cope with her anxiety and post-traumatic stress. Mother's use of medical marijuana in no way impairs her ability to properly care for her minor [C]hildren.

*Id.* at 18.

In its Opinion, the trial court set forth our standard of review and the law concerning involuntary termination of parental rights under section 2511,

addressed Mother's claims, and concluded that they lack merit. *See* Trial Court Opinion, 8/25/20, at 11-18. Specifically, the trial court evaluated Mother's level of compliance with each of the goals established for Mother by the Agency. *See id.* at 11-13. The trial court acknowledged Martin's testimony that Mother had been compliant with her goal to cooperate and comply with the Agency; however, the court concluded that Mother was not compliant with any of the remaining objectives. *See id.*

Further, the trial court determined that the Agency had satisfied its burden with respect to section 2511(a)(2), (5), (8) and (b). *See id.* at 14-18. The trial court noted that Mother failed to (1) complete a parenting program, (2) address significant mental health problems, and (3) rectify the conditions leading to placement—homelessness, drug use, lack of income—despite being provided with assistance. *See id.* at 16-17.

Moreover, while acknowledging a bond between Mother and Children, the trial court concluded that termination of Mother's parental rights was in Children's best interests. *Id.* at 17-18. The trial court concluded that Children have a strong bond with their foster parents, and termination would provide the Children with permanency. *Id.*

The record supports the trial court's conclusions, and we discern no abuse of discretion or error of law in the trial court's legal conclusions. We affirm on the basis of the trial court's well-reasoned Opinion in rejecting

Mother's claims. *See id.* at 11-18. Accordingly, we affirm the Decrees terminating Mother's parental rights to Children.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021